IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JARVIS MAURICE DENMARK, | |
| Movant, | CIVIL ACTION NO.: 2:21-cv-56 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: 2:15-cr-8) |
| Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Jarvis Denmark ("Denmark"), who is currently housed at the United States Penitentiary in Pollock, Louisiana, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Doc. 1. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Denmark's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Denmark *in forma pauperis* status on appeal and a Certificate of Appealability.

## BACKGROUND

Denmark was charged by indictment with conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C). United States v. Denmark, 2:15-cr-8 ("Crim. Case"), Doc. 3. The Government notified the Court on August 3, 2015, it had reached a plea agreement with Denmark. Crim. Case, Doc. 554. As part of the plea, the Government notified Denmark he faced a sentence of not more than 20 years' imprisonment on the count to which he was pleading guilty. Id. at 1, 5. On January 14, 2016, the Honorable Lisa Godbey Wood sentenced Denmark to 138 months' imprisonment, and judgment was

entered on January 21, 2016.  Crim. Case, Docs. 646, 652.  Denmark did not file a direct appeal.  Denmark did file a motion to reduce sentence under 18 U.S.C. § 3582 on March 18, 2019, which Judge Wood denied on November 26, 2019.  Crim. Case, Docs. 894, 925.  In addition, Denmark filed a motion for compassionate release on July 21, 2020.  Crim. Case, Doc. 935.  Judge Wood denied Denmark's motion on August 18, 2020, as well as his motion for reconsideration.  Crim. Case, Docs. 940, 960, 962.

Denmark signed his § 2255 Motion on June 2, 2021, and it was filed in this Court on June 8, 2021.  Doc. 1.  In his Motion, Denmark questions whether the Court improperly enhanced his sentence under the career offender provision of the United States Sentencing Guidelines, § 4B1.1, because the conspiracy charge to which he pleaded guilty is not a controlled substance offense within the meaning of § 4B1.1.  Id. at 4.  Denmark contends he is actually innocent of the career offender designation.  Id. at 11.

## DISCUSSION

### I.     Whether Denmark's Motion Is Timely

To determine whether Denmark filed his § 2255 Motion in a timely manner, the Court must look to the applicable statute of limitations periods.  Motions made via § 2255 are subject to a one-year statute of limitations period.  28 U.S.C. § 2255(f).  This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Denmark was sentenced to 138 months' imprisonment on January 14, 2016, and the Court's final judgment was entered on January 21, 2016. Crim. Case, Docs. 646, 652. Denmark had 14 days, or until February 4, 2016, to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Because Denmark did not file an appeal, he had until February 4, 2017, to file a timely § 2255 motion. 28 U.S.C. § 2255(f)(1). However, he did not execute his § 2255 Motion until June 2, 2021, and it was filed on June 8, 2021. Consequently, Denmark's Motion is untimely under § 2255(f)(1) by more than four years' time. Townsend v. Crews, No. 14-24126-CIV, 2014 WL 6979646, at *6 (S.D. Fla. Dec. 9, 2014) ("The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late (or six days late as in the case at bar) is untimely, just as if a year late." (quoting Turner v. Singletary, 46 F. Supp. 2d 1238, 1240 (N.D. Fla. 1999))).

Denmark recognizes he filed his § 2255 Motion more than a year after his judgment was final. Doc. 1 at 11. He fails to argue he is entitled to the statute of limitations period set forth in § 2255(f)(2), (3), or (4). In addition, even if Denmark's request for sentencing modification under § 3582 had been successful, this would not have had any consequence to the applicable statute of limitations period. United States v. Taylor, 727 F. App'x 979, 981 (11th Cir. 2018) (citing Murphy v. United States, 634 F.3d 1303, 1309, 1314 (11th Cir. 2011)). However, Denmark ostensibly states the statute of limitations period should be equitably tolled, and the

3

Court must now determine whether Denmark is entitled to equitable tolling of the applicable statute of limitations period.

## II.     Whether Denmark Is Entitled to Equitable Tolling

In support of his argument he is entitled to equitable tolling of the statute of limitations, Denmark asserts he is actually innocent of the career offender designation and actual innocence is an exception to the statute of limitations period.  Doc. 1 at 11.

The applicable limitations period is not jurisdictional, and, as a consequence, the established one-year limitation "is subject to equitable tolling in appropriate cases."  Holland v. Florida, 560 U.S. 631, 645 (2010).  "A movant 'is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing.'"  Williams v. United States, 586 F. App'x 576, 576 (11th Cir. 2014) (quoting Holland, 560 U.S. at 649).  Equitable tolling is typically applied sparingly and is available "only in truly extraordinary circumstances."  Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003).  "The [movant] bears the burden of proving his entitlement to equitable tolling," Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), "and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the [movant] must establish both."  Williams v. Owens, No. CV113-157, 2014 WL 640525, at *3 (S.D. Ga. Feb. 18, 2014) (citing Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006)); Damren v. Florida, 776 F.3d 816, 821–22 (11th Cir. 2015).

Denmark fails to show he was pursuing his rights diligently and some extraordinary circumstance prevented him from executing his § 2255 Motion prior to June 2, 2021.  Additionally, claims of actual innocence may allow review of claims even when a § 2255 motion is filed outside the statute of limitations.  McQuiggin v. Perkins, 569 U.S. 383 (2013).  However,

4

"prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536–37 (2006) (citation omitted). "[I]n cases where the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Bousley v. United States, 523 U.S. 614, 624 (1998). "The likely rational for Bousley's rule regarding a showing of actual innocence of foregone charges is that the defendant should not receive an unjustified windfall as a result of his guilty plea." Booth v. Thomas, No. 7:12-cv-0747, 2015 WL 400662, at *10 (N.D. Ala. Jan. 28, 2015) (citing United States v. Caso, 723 F.3d 215, 221–22 (D.C. Cir. 2013); and then citing Lewis v. Peterson, 329 F.3d 934, 937 (7th Cir. 2003)). Denmark provides no new evidence indicating he is actually innocent of the count to which he pleaded guilty or anything to support a claim he is actually innocent of the career offender designation. Consequently, Denmark is not entitled to the equitable tolling of the applicable statute of limitations period, and his § 2255 Motion is time barred. Thus, the Court should **DISMISS** Denmark's § 2255 Motion.

### III.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Denmark leave to appeal *in forma pauperis*. Though Denmark has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691

(M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued.  Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th

Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Denmark's § 2255 Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Denmark a Certificate of Appealability, Williams is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Denmark's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Denmark a Certificate of Appealability and *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to

file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 6th day of October, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA