# In the United States District Court for the Southern District of Georgia Brunswick Division

```
UNITED STATES OF AMERICA      )
                              )
     v.                       )
                              )     CR 215-008-6
JARVIS MAURICE DENMARK,       )
                              )
     Defendant.               )
```

### ORDER

Before the Court is Defendant Jarvis Denmark's motion for a copy of his plea agreement and presentence investigation report ("PSR"). Dkt. No. 1003. Defendant states he is "entitled to have a copy of both . . . for his own legal reasons, such as motions for new c[ou]rt hearings due to 'new change of laws' that can benefit him in his defense as being a 'career offender.'" Id. It thus appears Defendant is preparing to collaterally attack his sentence.

**I.   Defendant's Motion for a Copy of his PSR**

First, Defendant requests a copy of his PSR. Id.

> Although Federal Rule of Criminal Procedure 32(e)(1) requires a PSR to be disclosed to a defendant prior to sentencing, there is no constitutional right to disclosure of a PSR prior to sentencing. *See, e.g.*, *United States v. Arenas-Granada*, 487 F.2d 858, 859 (5th Cir.1974); *United States v. Warren*, 432 F.2d 772, 772-73 (5th Cir. 1970). It logically follows from the nonexistence of a constitutional right to view a PSR prior to sentencing that there is no constitutional right to disclosure of a PSR in a . . . collateral

proceeding.

Toomer v. United States, No. 6:10-CV-1197, 2010 WL 4008764, at *4 (M.D. Fla. Oct. 7, 2010) (ruling that a defendant may obtain a copy of his PSR in the context of a 28 U.S.C. § 2255 collateral proceeding).  However, "a Petitioner may obtain his PSR when the need for the PSR outweighs the resulting harm to state and federal officials conducting investigations. PSRs are generally confidential because disclosure may have a harmful effect on the investigations of state and federal officials."  Id. (citing Shelton v. United States, 497 F.2d 156, 158 (5th Cir. 1974) (recognizing the Government's interest in confidentiality under the facts of the case)).

Here, there exists no collateral proceeding for which Defendant might need to reference his PSR.  The Court concludes the Government's interest in confidentiality outweighs Defendant's desire to review his PSR.  Accordingly, Defendant's motion for a copy of his PSR, dkt. no. 1003, is **DENIED**.

**II.  Defendant's Motion for a Copy of his Plea Agreement**

Next, Defendant requests a copy of his plea agreement.  The Eleventh Circuit has stated that "prisoners have a right of access to the court files of their underlying criminal proceeding," but that such a right does not "extend[] to access to the records for the purpose of *preparing* a collateral attack on a conviction." Hansen v. United States, 956 F.2d 245, 248 (11th Cir. 1992).  The

court held "that a request by a prisoner for access to the court files of his underlying criminal conviction is premature prior to the filing of a collateral attack on that conviction; a prisoner is entitled to access to the court files only after he has made a showing that such files are necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding."  Id.  "It is only when a prisoner has made such a showing that the constitutional right of access to the courts is implicated."  Id.

Here, Defendant has made no such showing.  Accordingly, Defendant's motion for a copy of his plea agreement, dkt. no. 1003, is **DENIED**.

## CONCLUSION

Defendant's motion for a copy of his PSR and plea agreement, dkt. no. 1003, is **DENIED** in its entirety.  However, Defendant may be entitled to the requested documents upon showing of a non-frivolous collateral proceeding.

**SO ORDERED** this 25th day of April, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3