# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
UNITED STATES OF AMERICA    )
                            )
     v.                     )
                            )    215cr008
JARVIS MAURICE DENMARK,     )
                            )
     Defendant.             )
```

### ORDER

Before the Court is Defendant Jarvis Denmark's motion for copies of documents "without cost to himself." Dkt. No. 1056. In his motion, Defendant requests copies of

1) "Docket entries;"

2) Plea agreement; and

3) Sentencing Transcripts.

Id. Defendant has no active collateral proceeding before the Court. Defendant's motion is **GRANTED in part and DENIED in part.**

### DISCUSSION

The Court construes Defendant's request for "Docket Entries" to be a request for a copy of the docket sheet. That motion is **GRANTED.** The Clerk is **DIRECTED** to mail Defendant a copy of his docket sheet.

Next, Defendant requests a copy of his plea agreement. The Eleventh Circuit has stated that "prisoners have a right of access to the court files of their underlying criminal proceeding," but that such a right does not "extend[] to access to the records for the purpose of *preparing* a collateral attack on a conviction." Hansen v. United States, 956 F.2d 245, 248 (11th Cir. 1992). The court held "that a request by a prisoner for access to the court files of his underlying criminal conviction is premature prior to the filing of a collateral attack on that conviction; a prisoner is entitled to access to the court files only after he has made a showing that such files are necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding." Id. "It is only when a prisoner has made such a showing that the constitutional right of access to the courts is implicated." Id. Here, Defendant has made no such showing. Accordingly, Defendant's motion for a copy of his plea agreement, dkt. no. 1056, is **DENIED**.

Finally, Defendant's request for his sentencing transcript is **DENIED**. He argues that Federal Rule of Appellate Procedure 24(a)(3) "authorizes a party to whom in Forma Pauperis status was granted in prior proceedings to proceed in subsequent actions, causes and proceedings under that same status." Dkt. No. 1056. His reliance of Rule 24(a)(3) is misplaced, because

2

that Rule applies to a party *on appeal*. Defendant has no appeal pending. Therefore, Defendant has made no cognizable legal argument as to why he would be entitled to receive the sentencing transcript without payment of costs.

## CONCLUSION

Defendant's motion for copies, dkt. no. 1056, is **GRANTED in part and DENIED in part**. The motion is **GRANTED** with regard to his request for a copy of his docket sheet, and the Clerk is **DIRECTED** to mail a copy of same to Defendant. The motion is **DENIED** as to Defendant's request for a copy of his plea agreement and sentencing transcript without costs.

**SO ORDERED** this 20 day of June, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA